


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| SOUTH DAKOTA FARM BUREAU, INC.; SOUTH DAKOTA SHEEP GROWERS ASSOCIATION, INC.; HAVERHALS FEEDLOT, INC.; SJOVALL FEEDYARD, INC.; FRANK D. BROST; DONALD TESCH; WILLIAM A. AESCHLIMANN; SPEAR H RANCH, INC.; MARSTON HOLBEN; MONTANA-DAKOTA UTILITIES CO,; NORTHWESTERN PUBLIC SERVICE; And OTTER TAIL POWER COMPANY, <br><br>                              Plaintiffs, <br><br> v. <br><br> STATE OF SOUTH DAKOTA; MARK W. BARNETT, in his official capacity as Attorney General of South Dakota; and JOYCE HAZELTINE, in her official capacity as Secretary of State of South Dakota, <br><br>                              Defendants. <br><br> DAKOTA RURAL ACTION; and SOUTH DAKOTA RESOURCES COALITION <br><br>           Defendant-Intervenors. | No. 99-CV-3018 CK <br><br><br><br><br><br><br><br> **DEFENDANT-INTERVENORS' STATEMENT OF MATERIAL FACTS** |

**DEFENDANT-INTERVENORS STATEMENT
OF MATERIAL FACTS IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

As required by Local Rule 56.1(B), Defendant-intervenors Dakota Rural Action ("DRA") and South Dakota Resources Coalition("SDRC"), provide the following separate statement of material facts ("SMF") in support of their motion for partial summary judgment.

1.  On May 15th, DRA and SDRC submitted the following request for production of documents (Request No. 8):

> For Trade Associations, please provide any and all documents in your possession, custody, or control that relate to or touch on changes in your members' revenues or business opportunities due to the passage of Amendment E.

On August 10, 2000, the South Dakota Farm Bureau ("SDFB") responded as follows:

> The South Dakota Farm Bureau, Inc. has not surveyed or questioned its members and does not have such statistical information in its possession.

See excerpt from South Dakota Farm Bureau, Inc.'s Answer to Defendant-intervenors' First Set of Interrogatories and Requests for Production of Documents, App. A.1.

2.  On July 31, 2000, the South Dakota Sheep Growers Association ("SDSGA") responded to request for production No. 8 (quoted above in SMF 1) by asserting that the request was "not applicable." See excerpt from South Dakota Sheep Growers Association, Inc.'s Answers to Defendant-intervenors First Set of Interrogatories and Requests for Production of Documents, App. A.2.

3.  On April 4, 2000, Counsel for the State-defendants and Defendant-intervenors deposed Mr. Mike Held, the Administrative Director for the South Dakota Farm Bureau. During the deposition, Mr. Held asserted that he did not know how many members had livestock that were owned by corporations or syndicates. See excerpt from Held deposition, p. 49 lines 17-25, p. 50 line 1, App. A.3.

4. On April 4, 2000, Counsel for the State-defendants and Defendant-intervenors deposed Mr. William Aeschlimann, Director of Region 16 for the South Dakota Sheep Growers Association. During the deposition, Mr. Aeschlimann asserted that he did not have information regarding the organizational structure of his membership (e.g. sole proprietorship vs. corporate or syndicate) and was not aware of the existence of any documents that reflected that analysis. In addition, Mr. Aeschlimann stated that Amendment E did not affect the Sheep Growers Association as an organization. See excerpts from Aeschlimann deposition, p. 7 lines 6-12, p. 12 lines 19-25, p. 87 lines 13-24, App. A.4.

5. Amendment E prohibits non-exempt, limited liability entities from engaging in farming. Farming is defined, in part, as the "ownership, keeping, or feeding of animals for the production of livestock or livestock products." See Amendment E to the South Dakota Constitution, App. B.1.

6. The term "forward contract" means:

> an agreement for the purchase of cattle, executed in advance of slaughter, under which the base price is established by reference to prices quoted on the Chicago Mercantile Exchange, or other comparable publicly available prices.

See 65 Fed. Reg. 14652, 14669 (March 17, 2000), App. B.2.

7. Forward contracts are a risk management, marketing tool. See Fred Eilrich, Clement E. Ward, Wayne D. Purcell, & Derrell Peel, Forward Contracting vs. Hedging Fed Cattle:

<u>Comparisons and Lender Attitudes</u> Research Institute on Livestock Pricing, Res. Bul. 8-91, Virginia Tech, pp. 4, 14, 18-22. (Nov. 1991), App. B.3.

8. Dr. Luther Tweeten, economist and expert witness for the Plaintiffs, stated in his expert witness report that "marketing contracts can benefit producers and consumers by forward pricing, hence reducing variation in prices to producers." <u>See</u> excerpt from Dr. Tweeten's Expert Witness Report, p. 17, App. B.4.

9. On July 21, 2000, Counsel for the State-defendants and Defendant-intervenors deposed Dr. Luther Tweeten. Counsel for the Defendant-intervenors asked Dr. Tweeten if he was referencing forward contracting when he made the statement quoted in SMF #8 above. Dr. Tweeten responded that forward contracting is one form of forward pricing. <u>See</u> Excerpt from Tweeten Deposition, p. 113 lines 18-23, App. B.5.

10. Dr. Tweeten stated in his expert witness report that owners or finishers of livestock may sell the livestock "forward under a marketing contract at a specific price formula." <u>See</u> excerpt from Dr. Tweeten's Expert Witness Report, p. 18, App. B.4.

11. In Dr. Tweeten's deposition, Counsel for the Defendant-intervenors asked Dr. Tweeten if he was referencing a forward contract when he made the statement quoted in SMF #10 above. Dr. Tweeten responded that he was

4

referencing a forward contract. See Excerpt from Tweeten Deposition, p. 116 lines 5-24, App. B.5.

12. Amendment E exempts "livestock purchased for slaughter within two weeks of the purchase date." See Amendment E to the South Dakota Constitution, Section 22(15), App. B.1.

13. It is unlikely that a packer will take ownership of livestock more than two weeks in advance of slaughter. See Excerpt from Tweeten Deposition, p. 114 lines 19-25, p. 115 lines 1-10, App. B.5.

14. If the packer does wait more than two weeks before slaughtering the livestock, it will likely be due to unforeseen factors at the time the packer entered into the contract. See Excerpt from Tweeten Deposition, p. 115 lines 2-10, App. B.5.

15. Amendment E does not impact packers who forward contract for the purchase of livestock and slaughter the livestock within two weeks. See excerpt from Dr. Tweeten's Expert Witness Report, p. 17, App. B.4; See also Affidavit of Nancy Thompson, ¶ 7, App. B.6.

16. Amendment E exempts all livestock to be produced under contract for the duration of the contract if the contract was in effect as of the approval date of Amendment E. See Amendment E to the South Dakota Constitution, Section 22(5), App. B.1; See also excerpt from Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief, p. 9 ¶ 32, App. C.1.

Dated: 13 Oct 2000

Respectfully submitted,

*[signature]*
John H. Davidson
(S.D. Bar # 1726)
University of South
Dakota School of Law,
Room 213
414 East Clark Street
Vermillion, S.D.  57069
(605) 677-6341

Virginia Brannon
University of Denver
Forbes House
1714 Poplar Street
Denver, CO  80220
(303) 871-6819

James J. Tutchton
Earthjustice Legal
Defense Fund
University of Denver
Forbes House
1714 Poplar Street
Denver, CO  80220
(303) 871-6034

Attorneys for Defendant-
intervenors: Dakota Rural
Action and South Dakota
Resources Coalition

6