UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

FILED
NOV 08 2000

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

CIV. 99-3018

SOUTH DAKOTA FARM BUREAU, INC.;
SOUTH DAKOTA SHEEP GROWERS
ASSOCIATION, INC.; HAVERHALS
FEEDLOT, INC.; SJOVALL FEEDYARD,
INC.; FRANK D. BROST; DONALD
TESCH, WILLIAM A. AESCHLIMANN;
SPEAR H RANCH, INC.; MARSTON
HOLBEN; MARSTON AND MARION
HOLBEN FAMILY TRUST; MONTANA-
DAKOTA UTILITIES CO.; NORTH-
WESTERN PUBLIC SERVICE; and
OTTER TAIL POWER COMPANY,

       Plaintiffs,

vs.

JOYCE HAZELTINE, in her official
capacity as Secretary of State of South
Dakota and MARK W. BARNETT, in his
official capacity as Attorney General of
South Dakota,

       Defendants,

and

DAKOTA RURAL ACTION and SOUTH
DAKOTA RESOURCES COALITION,

       Defendant-Intervenors.

PLAINTIFFS' OPPOSITION TO
DEFENDANT-STATE'S
STATEMENT OF MATERIAL
FACTS

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

- 2 -

This Opposition Statement, pursuant to Local Rule 56.l(C), is Plaintiffs' opposition to the Statement of Material Facts (SMF) submitted by the Defendant-State. Along with Plaintiffs' Opposition Memorandum and supporting documentary evidence, this Opposition Statement constitutes Plaintiffs' response and resistance to the assertions and arguments made in the SMF. As detailed below, nearly every "undisputed material fact" asserted by the State is contested herein by Plaintiffs. For this reason and because the State failed to comply with Local Rule 56.1(B), this Court should deny the pending motion for partial summary judgment.

For convenience, this Opposition Statement of Material Facts ("OSMF") will use separate numbered headings. These numbers will correspond to the numbers in the State's SMF. Statement of Material Facts ("SMF").

15. Disputed. SMF ¶15 is opposed because it is not a statement of material fact. That certain individuals may have "believed" that the Family Farm Act was "inadequate" does not establish any such inadequacy.

16. Disputed. SMF ¶16 is opposed because it is not supported by the record in this case. See D.S.D.L.R. 56.1(B). In the Thompson deposition, there are numerous statements about Amendment E's purpose, including pages 72 and 92, that support a contrary interpretation—that the purpose was anti-competitive and protectionist. Also, the official ballot explanation, quoted in ¶114 of Plaintiff's Complaint, illustrates the anti-interstate commerce goals of the Amendment.

- 3 -

17. Disputed. SMF ¶17 is opposed because it is not a statement of fact; rather, it is a legal conclusion. The State has not provided an adequate foundation for SMF ¶17 because Thompson is not an economist. To the extent that it represents a material fact, Plaintiffs directly dispute SMF ¶17.

18. Disputed. SMF ¶18 is opposed because it is not a statement of material fact.

19. Disputed. SMF ¶19 is opposed because it does not have an adequate foundation in the record in this case. See D.S.D.L.R. 56.1(B). Mr. Bixler is not qualified to express this opinion since he is not an economist or other expert.

20. Disputed. SMF ¶20 is opposed because the statements are not statements of material fact. Plaintiffs can agree that meetings were held, but Plaintiffs contest the motivation for, as well as the effects of, these meetings. See Thompson Dep. at 72, 92.

21. Disputed. SMF ¶21 is opposed because it is not a statement of fact; rather, it is a legal conclusion. The Napton declaration has inadequate foundation in the record in this case because Napton is not an expert. See D.S.D.L.R. 56.1(B).

22. Disputed. SMF ¶22 is opposed because it is simply a series of conclusions, unsupported by the record in this case. See D.S.D.L.R. 56.1(B).

25. Disputed. SMF ¶25 is opposed because it is not a statement of material fact. The time frame for SMF ¶25 was created long after the drafting of Amendment E.

- 4 -

26.  Disputed. SMF ¶26 is opposed because its relevance to South Dakota and Amendment E is not established by the record in this case. See D.S.D.L.R. 56.1(B).

29.  Disputed. SMF ¶29 is opposed because it is not supported by the record in this case. See D.S.D.L.R. 56.1(B). It is also conclusory. It is disputed by Plaintiffs that, even if true, such a "concern" would be a constitutionally permissible reason for such overbroad regulation as represented by Amendment E.

30.  Disputed. SMF ¶30 is opposed because it is not a statement of fact. It is purely a legal conclusion. SMF ¶30 is opposed, even as a legal conclusion, because the Labao Affidavit is an inadequate foundation for the statement.

Dated this 6th day of November, 2000.

WOODS, FULLER, SHULTZ & SMITH P.C.

By _____
Richard O. Gregerson
Susan M. Sabers
Post Office Box 5027
300 South Phillips Avenue, Suite 300
Sioux Falls, South Dakota 57117-5027
(605) 336-3890
Attorneys for Plaintiffs South Dakota Farm Bureau, Inc.; South Dakota Sheep Growers Association; Haverhals Feedlot, Inc.; Sjovall Feedyard, Inc.; Frank D. Brost; Donald Tesch and William A. Aeschlimann