


IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| SOUTH DAKOTA FARM BUREAU, INC.; SOUTH DAKOTA SHEEP GROWERS ASSOCIATION, INC.; HAVERHALS FEEDLOT, INC.; SJOVALL FEEDYARD, INC.; FRANK D. BROST; DONALD TESCH; WILLIAM A. AESCHLIMANN; SPEAR H RANCH, INC.; MARSTON HOLBEN; MONTANA-DAKOTA UTILITIES CO,; NORTHWESTERN PUBLIC SERVICE; And OTTER TAIL POWER COMPANY, <br><br>　　　　　　　　Plaintiffs, <br><br>v. <br><br>STATE OF SOUTH DAKOTA; MARK W. BARNETT, in his official capacity as Attorney General of South Dakota; and JOYCE HAZELTINE, in her official capacity as Secretary of State of South Dakota, <br><br>　　　　　　　　Defendants. | No. 99-CV-3018 CK <br><br><br>**DEFENDANT-INTERVENORS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| DAKOTA RURAL ACTION; and SOUTH DAKOTA RESOURCES COALITION <br><br>　　　　　　　　Defendant-Intervenors. | |

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

### I. INTRODUCTION

Although Defendant-intervenors ("DRA and SDRC") disagree with a number of the assertions set forth in Plaintiffs' two memorandums in opposition to DRA's and SDRC's Motion for Partial Summary Judgment ("Opposition Briefs"), DRA and SDRC will only respond to those

contentions that are germane to the arguments set forth in DRA's and SDRC's Memorandum in Support of Motion for Partial Summary Judgment ("Opening Brief").

## II. ARGUMENT

### A. THE FARM BUREAU AND THE SHEEP GROWERS ASSOCIATION DO NOT HAVE STANDING

Plaintiffs South Dakota Farm Bureau, Inc. ("SDFB") and South Dakota Sheep Growers Association, Inc. ("SDSGA") have a responsibility to accurately respond to discovery inquiries. This responsibility is independent of the other Plaintiffs. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). After summarily dismissing DRA's and SDRC's discovery requests, which specifically asked for evidence of harm to their members, SDFB and SDSGA now propose to "piggy back" on the testimony of the other named Plaintiffs, some of whom are SDFB and SDSGA members. See Opening Brief, p. 5. This is an inappropriate way in which to establish standing.

### B. AMENDMENT E DOES NOT IMPACT FORWARD CONTRACTING

Forward contracts are a marketing tool and are not covered by Amendment E. The provisions in Amendment E prohibit limited liability entities from acquiring or obtaining an interest in real estate used for farming or engaging in farming. Amendment E defines "farming" as the "cultivation of land for the production of agricultural crops, fruit, or other horticultural products, or the ownership, keeping, or feeding of animals for the production of livestock or livestock products." See Defendant-

2

<u>Intervenors' Statement of Material Facts ("SMF")</u>, App. B-1. Marketing tools do not involve the cultivation of land or the keeping or feeding of livestock.

Forward contracts, as defined by Plaintiffs' Expert, Dr. Luther Tweeten, are marketing contracts that allow producers to lock in prices in advance for the sale of, for example, livestock, thereby reducing the risk of price variation. <u>See</u> <u>Defendant-Intervenors' SMF</u>, App. B-4. As Dr. Tweeten stated in his expert witness report:

> [marketing contracts] typically specify pricing arrangements to be paid by the buyer to the seller.... Marketing contracts can benefit producers and consumers by forward pricing, hence reducing variation in prices to producers....Marketing contracts tend to reduce short-term market instability.... Marketing contracts are widely used by family farmers and by production contractors to price feed and livestock during the production process. With feed and livestock prices 'nailed down', attention can focus on producing efficiently.

<u>Id</u>. at p. 18. In distinguishing between a "production contract" and a "marketing contract," Dr. Tweeten explained that production contracts involve the finishing of livestock owned by others while marketing contracts allow livestock to be "sold forward under a marketing contract at a specific price formula." <u>Id</u>. In his deposition, Dr. Tweeten confirmed that this type of marketing contract is a forward contract. <u>See</u> <u>Defendant-Intervenors' SMF</u>, App. B-5, p. 116, lines 5-24.

3

Plaintiffs correctly point out that Amendment E does not contain the word "forward contract." See <u>Opposition Brief on Forward Contracting and Grandfather Clause</u>, p. 11. Forward contracts are not covered in the list of exemptions to Amendment E because there is no reason to exempt that which is not covered in the first place.

### C. AMENDMENT E "GRANDFATHERS" LIVESTOCK TO BE PRODUCED UNDER CONTRACT

As set forth by the plain language of Amendment E, all livestock produced under contract <u>for the duration of the contract</u>, if the contract was in effect as of the approval date of Amendment E, are exempt. Because some of the Plaintiffs expressed confusion about this issue in the depositions, DRA and SDRC merely raised this issue at the summary judgment stage for the purpose of housekeeping before trial. DRA and SDRC do not understand why the Plaintiffs refused to stipulate to this issue before briefing since they point out the same in their complaint. See <u>Defendant-Intervors' SMF</u>, App. C.1, ¶ 32.

### III. CONCLUSION

For the reasons given above, DRA and SDRC respectfully request that this Court grant partial summary judgment, thereby limiting the issues for trial.

4

November 19, 2000

Respectfully submitted,

*[signature]*

John H. Davidson
(S.D. Bar # 1726)
University of South
Dakota School of Law,
Room 213
414 East Clark Street
Vermillion, S.D.   57069
(605)677-6341

James J. Tutchton
Earthjustice Legal
Defense Fund
University of Denver
Forbes House
1714 Poplar Street
Denver, CO   80220
(303) 871-6034

Attorneys for Defendant-
Intervenors: Dakota Rural
Action and South Dakota
Resources Coalition.

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of DEFENDANT-INTERVENORS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT-INTERVENORS MOTION FOR PARTIAL SUMMARY JUDGMENT in the case of *South Dakota Farm Bureau et al. v. State of South Dakota, Barnett & Hazeltine*, was served by United States mail, first class, postage prepaid upon:

Richard O. Gregerson
Attorney at Law
P.O. Box 5027
Sioux Falls, South Dakota 57117-5027

Roxanne Giedd
Assistant Attorney General
Office of the Attorney General
500 East Capitol Avenue
Pierre, S.D. 57501-507

Timothy S. Bishop
Steffen N. Johnson
Nicola Jackson
Kyle F. Waldinger
Michael F. Rosenblum
Mayer, Brown & Platt
190 S. LaSalle Street
Chicago, Illinois 60603

Thomas P. Tonner
Attorney at Law
P.O. Box 1456
Aberdeen, S.D. 57402

Timothy J. Langley
401 East 8th Street
Sioux Falls, S.D. 57103

David S. Day
c/o Woods, Fuller, Shultz & Smith
P.O. Box 5027
Sioux Falls, S.D. 57117-5027

Robert Broom
Broom Johnson & Clarkson
410 Flatiron Building
1722 St. Mary's Building
Omaha, NE 68102

David Gerdes
Attorney at Law
P.O. Box 160
Pierre, S.D. 57501-0160

on this 19TH day of November, 2000

_____
John H. Davidson