FILED
FEB -1 2001
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SOUTH DAKOTA FARM BUREAU, INC., SOUTH DAKOTA SHEEP GROWERS ASSOCIATION, INC., HAVERHALS FEEDLOT, INC., SJOVALL FEEDYARD, INC., FRANK D. BROST, DONALD TESCH, WILLIAM A. AESCHLIMANN, SPEAR H RANCH, INC., MARSTON HOLBEN, MARSTON AND MARION HOLBEN FAMILY TRUST, MONTANA-DAKOTA UTILITIES CO., NORTHWESTERN PUBLIC SERVICE, and OTTER TAIL POWER COMPANY,<br><br>Plaintiffs,<br><br>-vs-<br><br>JOYCE HAZELTINE, in her official capacity as Secretary of State of South Dakota and MARK W. BARNETT, in his official capacity as Attorney General of South Dakota,<br><br>Defendants.<br><br>DAKOTA RURAL ACTION and SOUTH DAKOTA RESOURCES COALITION,<br><br>Defendant-Intervenors. | CIV. 99-3018<br><br><br><br><br>ORDER |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

Plaintiffs' amended complaint challenges the 1998 amendment to Article XVII of the South Dakota Constitution ("Amendment E") on the grounds that it violates the Commerce Clause, the Privileges and Immunities Clause, the Equal Protection Clause, the Due Process Clause, and 42 U.S.C. § 1983. Amendment E prohibits certain forms of business enterprises (those which limit liability) from conducting certain agricultural operations in South Dakota.

Defendants Hazeltine and Barnett filed a motion (Doc 102) for partial summary judgment. The State defendants contend that the utility plaintiffs' (" the Big Stone Partners")

claims based upon the deregulation of the electric industry are not ripe for judicial review because deregulation of the electric industry has not yet occurred. The State defendants also contend that the plaintiffs' equal protection claims in Count III of the amended complaint must be dismissed based upon controlling Eighth Circuit Court of Appeals precedent.

The intervenor defendants also filed a motion (Doc. 104) for partial summary judgment. The intervenor defendants contend that South Dakota Farm Bureau, Inc. ("Farm Bureau") and South Dakota Sheep Growers Association, Inc. ("Sheep Growers") do not have standing to bring this action. The intervenor defendants also seek a summary determination that Amendment E does not impact livestock forward contracts and that Amendment E's grandfather provision exempts existing contracts, two issues apparently affecting the final outcome of this litigation.

## DECISION

### I. RIPENESS

The Big Stone Partners own land in South Dakota, some of which is held for the purpose of developing new generating facilities and some of which is held for transmission line easements. The Big Stone Partners claim that Amendment E unconstitutionally adversely affects them because: (1) deregulation of the electric industry may require them to divest themselves of some land and they would be prohibited from selling that land to a non-farm corporation (another utility), which would result in an impairment of the value they could receive for the land, (2) the amendment requires divestiture unless the non-farm development of the land takes place within five years but plant development takes 10-12 years, (3) the amendment will require acquisition of fee title for rights of way (for transmission lines) rather than merely easements and will require utilities to maintain those rights of way, both of which will increase costs, and (4) deregulation may require sale or divestiture of easements, which acquiring utilities will be required to obtain and maintain as rights of way, rather than easements, resulting in increased costs associated with deregulation. Two of those claimed adverse effects concern deregulation of the electric industry. The state defendants assert that the electric industry has not been deregulated and that deregulation is speculative, rendering the Big Stone Partners' claims not yet ripe. The Big Stone Partners, while not conceding that deregulation is not imminent, counter that not all of the

2

adverse effects of Amendment E suffered by utilities relate to deregulation of the electric industry.

This Court discussed the doctrine of ripeness in Winnebago Tribe of Nebraska v. Babbitt, 915 F. Supp 157, 163 (D.S.D. 1996):

> Article III of the United States Constitution imposes a "case or controversy" requirement upon the federal courts. Ripeness is one such doctrine to determine justiciability. *Schanou v. Lancaster County School District No. 160*, 62 F.3d 1040, 1042 (8th Cir.1995). The "ripeness doctrine is drawn from constitutional limitations of Article III on judicial power as well as discretionary reasons of policy for refusing to exercise jurisdiction. It embodies a policy under which courts avoid passing upon constitutional questions in advance of the strictest necessity for deciding them." *Bergstrom v. Bergstrom*, 623 F.2d 517, 519 (8th Cir.1980) (citations omitted). "[R]ipeness is peculiarly a question of timing." *Thomas v. Union Carbide Agr. Products Co.*, 473 U.S. 568, 580, 105 S. Ct. 3325, 3332, 87 L. Ed. 2d 409 (1985), quoting *Regional Rail Reorganization Act Cases*, 419 U.S. 102, 140, 95 S. Ct. 335, 357, 42 L. Ed. 2d 320 (1974). "[I]ts basic rationale is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Id.*, quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S. Ct. 1507, 1515, 18 L. Ed. 2d 681 (1967).

That utilities own or have easements over agricultural land in South Dakota is clear to the Court. It is also clear that the growth and development of utilities would require the acquisition of additional farmland, either by easement or fee title. Amendment E impacts any owner of South Dakota agricultural land and any prospective owner. Thus, the possibility that the Big Stone Partners will be effected by Amendment E is not abstract. The Big Stone Partners present a justiciable controversy to the extent that they claim Amendment E violates their ability to buy, hold, and sell agricultural land in South Dakota. This is despite the fact that questions as to possible deregulation are not ripe and will not be considered by the Court. What state would now deregulate, given what has occurred in California?

## II. EQUAL PROTECTION

In 1982, Nebraska voters adopted an amendment to the Nebraska Constitution, the objective of which was to prohibit non-family farm corporations from owning and operating Nebraska farm and ranch land. A challenge to that amendment on the grounds it violated the

3

Equal Protection Clause and the Due Process Clause was rejected by the United States Court of Appeals for the Eighth Circuit. MSM Farms, Inc. v. Spire, 927 F.2d 330, 332 (8th Cir. 1991).

The Eighth Circuit determined that the law involved no suspect classifications or fundamental rights (apparently none were asserted by plaintiffs) and thus the corporate farming prohibition violates the Equal Protection Clause only if "the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were irrational." Id. (quoting Kadrmas v. Dickinson Public Schools, 487 U.S. 450, 463, 108 S. Ct. 2481, 2489, 101 L. Ed. 2d 399 (1988)). The Eighth Circuit determined that the voters' purpose in enacting the amendment was "to retain and promote family farm operations in Nebraska" and "to prevent a perceived threat that would stem from unrestricted corporate ownership of Nebraska farm land by preventing the concentration of farmland in the hands of non-family corporations." Id. at 333. The Eighth Circuit concluded that "such a policy represents a legitimate state interest under the equal protection clause." Id. The Eighth Circuit agreed with the district court "that voters reasonably could have believed that by enacting the initiative in question they would be promoting family farm operations by preventing non-family corporate ownership of farmland." Id.

The plaintiffs argue that MSM Farms does not control because the traditional rational basis standard has been superceded by the United States Supreme Court's decision in Romer v. Evans, 517 U.S. 620, 116 S. Ct. 1620, 134 L. Ed. 2d 855 (1996). Further, the plaintiffs argue that even if this Court were to apply the rational basis test, the Court would conclude that the classifications drawn by Amendment E do not serve any legitimate state interests or that the classifications drawn are not rationally related to achieve the permissible ends.

Romer v. Evans did not change the test to be applied in determining whether legislation is constitutional. The legislation at issue in Romer was an initiated amendment to the Colorado Constitution prohibiting legislative, executive or judicial action designed to protect the class of individuals referred to as homosexuals. Romer, 517 U.S. at 624, 116 S. Ct. at 1623. The United States Supreme Court described the traditional rational basis test for evaluating the constitutionality of legislation:

> The Fourteenth Amendment's promise that no person shall be denied the equal protection of the laws must coexist with the practical necessity that most legislation classifies for one purpose of another, with resulting disadvantage to various groups or persons. We have attempted to reconcile the principle with the reality by stating that, if a law neither burdens a fundamental right nor targets a suspect class, we will uphold the legislative classification so long as it bears a rational relation to some legitimate end.

Romer, 517 U.S. at 631, 116 S. Ct. at 1627. The Supreme Court went on to hold that the Colorado amendment "lacks a rational relationship to legitimate state interests," Id. at 632, 116 S. Ct. at 1627, because a "desire to harm a politically unpopular group cannot constitute a legitimate governmental interest." Id. at 634, 116 S. Ct. at 1628.

No suspect classification has been alleged in plaintiffs' challenge to Amendment E. Genuine issues of material fact apparently exist as to the ends the amendment was intended to serve. What those ends are is of utmost importance in evaluating whether the ends are legitimate and subsequently, whether Amendment E bears some rational relation to those ends. Plaintiffs cannot demonstrate an absence of any genuine issue of material fact and summary judgment should be denied.

### III. STANDING

"Federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto." Marine Equipment Management Co. v. U.S., 4 F.3d 643, 646 (8th Cir. 1993), (citing Bender v. Williams-Port Area School Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986), (citing in turn Marbury v. Madison, 5 U.S. (1 Cranch) 137, 2 L. Ed. 60) (1803))). "The threshold inquiry in every federal case is whether the court has jurisdiction" and the Eighth Circuit has "admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27; Sanders v. Clemco Industries 823 F.2d 214, 216 (8th Cir. 1987).

Standing is comprised of three elements:

> First, the plaintiff must have suffered an "injury in fact"--an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be

5

>a causal connection between the injury and the conduct complained of--the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

See Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-61, 112 S. Ct. 2130, 2136, 119 L. Ed. 2d 351 (1992).

The intervenor defendants assert that Farm Bureau and Sheep Growers must show that their members are directly affected by Amendment E and have an individual injury in order to have standing in this matter. "An association has standing to bring suit on behalf of its members when its members would otherwise have standing to sue in their own right, the interests at stake are germane to the organization's purpose, and neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, ___, 120 S. Ct. 693, 704, 145 L. Ed. 2d 610 (2000). The associations invoking federal jurisdiction, here Farm Bureau and Sheep Growers, bear the burden of establishing these elements by a preponderance of the evidence. Lujan v. Defenders of Wildlife, 504 U.S. at 561, 112 S. Ct. at 2136. In response to a summary judgment motion Farm Bureau and Sheep Growers "must 'set forth' by affidavit or other evidence 'specific facts,' Fed. R. Civ. P. 56(e), which for purposes of the summary judgment motion will be taken to be true. And at the final stage, those facts (if controverted) must be 'supported adequately by the evidence adduced at trial.'" Lujan v. Defenders of Wildlife, 504 U.S. at 561, 112 S. Ct. at 2136-37.

In response to the motion for summary judgment, Farm Bureau and Sheep Growers have set forth the damaging effects of Amendment E on the five member plaintiffs. The intervenor defendants have not challenged the individual plaintiffs' standing. The claim of lack of standing is, in any event, mach ado about nothing. The associations are required to show that "neither the claim asserted nor the relief requested requires the participation of individual members." The fact is, however, that individuals and individual members are in fact plaintiffs, whether their participation is required or not.

## VI. FACTUAL ISSUES

The intervenor defendants moved for partial summary judgement, "to limit the issues." The summary judgment standard is well known and has been set forth by this Court in numerous opinions. *See* Hanson v. North Star Mutual Insurance Co., 1999 D.S.D. 34 ¶ 8, 71 F.Supp.2d 1007, 1009-1010 (D.S.D. 1999), Gardner v. Tripp County, 1998 D.S.D. 38 ¶ 8, 66 F.Supp.2d 1094, 1098 (D.S.D. 1998), Patterson Farm, Inc. v. City of Britton, 1998 D.S.D. 34 ¶ 7, 22 F.Supp.2d 1085, 1088-89 (D.S.D. 1998), Smith v. Horton Industries, 1998 D.S.D. 26 ¶ 2, 17 F.Supp.2d 1094, 1095 (D.S.D. 1998). Summary Judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Donaho v. FMC Corp., 74 F.3d 894, 898 (8th Cir. 1996). The United States Supreme Court has held that:

> The plain language of Rule 56(c) mandates the entry of summary judgment. . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Celotex Corp. v. Catrett, 477 U.S. 317, 322-323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "A material fact dispute is genuine if the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." Landon v. Northwest Airlines, Inc., 72 F.3d 620, 634 (8th Cir. 1995). In considering the motion for summary judgment, this Court must view the facts in the light most favorable to the plaintiffs and give plaintiffs the benefit of all reasonable inferences that can be drawn from the facts. Donaho, 74 F.3d at 897-898.

### A. CONTRACTS

The first issue that the intervenor defendants claim can be summarily determined is that "Amendment E does not impact the ability of the owners or growers of livestock to forward contract with packers" (Doc. 105 at 3) and that there "is no provision in Amendment E that directly targets marketing tools such as forward contracts" (Doc. 105 at 6). The Farm Bureau plaintiffs contend that the motion for summary judgment should be denied because nowhere in Amendment E is the term "forward contract" used, not even in the exceptions. The intervenor

7

defendants reply that since the term is not used in the amendment, the amendment therefore does not affect forward contracts and they are entitled to summary judgment on that issue.

The Court has discerned that at some point in the discovery phase of this lawsuit, it was asserted by one or more witnesses on behalf of the plaintiffs that Amendment E affects plaintiffs' ability to enter into forward contracts with out of state producers. This issue goes to standing (it affects the plaintiffs financially) as well as to whether Amendment E adversely affects interstate commerce. It is irrelevant that Amendment E does not mention the words "forward contract" if, in fact, the application of Amendment E in practice does affect the ability of anyone to enter into forward contracts. The intervenor defendants actually posit a scenario in their brief when Amendment E would impose liability on a packer who enters into a forward contract with a producer. (Doc. 105 at 7) Genuine issues of material fact exist as to whether Amendment E affects "forward contracts" and the intervenor defendants' motion for partial summary judgment on that issue should be denied.

### B. GRANDFATHER PROVISION

The second issue that the intervenor defendants claim can be summarily dismissed is any claim that Amendment E affects contracts that were in effect at the time Amendment E was passed. The intervenor defendants claim that Section 22(5) of the amendment, the "grandfather provision," specifically exempts such contracts. The Farm Bureau plaintiffs only response to that motion is that it is not supported as required by Rule 56.

Amendment E is codified at Article XVII, §§ 21-24, of the South Dakota Constitution. Section 22 contains the exceptions to the corporate farming ban set forth in § 21. Section 22(5) provides that the restrictions in § 21 do not apply to:

> Livestock, which as of the approval date of this amendment, is owned by a corporation or syndicate. For the purposes of this exemption, livestock to be produced under contract for a corporation or syndicate are considered as owned, if the contract is for the keeping or feeding of livestock and is signed as of the approval date of this amendment, and if the contract remains in effect and is not terminated by either party to the contract. This exemption does not extend beyond the term of any contract signed as of the approval date of this amendment.

8

The intervenor defendants assert that "all livestock produced under those contracts are exempt, not just the animals that were alive as of the approval date of Amendment E," and cite to ¶ 32 of the amended complaint.

Plaintiffs assert that they "can only guess at what the Intervenors think will be accomplished with this motion." Certainly, what could be accomplished is to preclude any suggestion that Amendment E is in violation of Article I, Section 10, of the United States Constitution which prohibits the states from passing any "Law impairing the Obligation of Contracts." It would be premature to interpret § 22(5) on the present state of the record and the Court will decline to do so at this stage.

## VII. MOTION TO STRIKE

The Farm Bureau plaintiffs request that the affidavit of Nancy Thompson (Doc. 106, appendix B.6) be stricken as lacking proper foundation. Alternatively, the Farm Bureau plaintiffs seek an order allowing Thompson's deposition to be taken (past the discovery deadline). Thompson is one of the lawyers for Dakota Rural Action. She claims to be the primary author of Amendment E. At her deposition, she acknowledged that she is not an expert for the purposes of offering an opinion as an economist and the defendants did not disclose her as an expert witness as required by Fed. R. Civ. P. 26(a) and the Rule 16 scheduling order. Thompson makes several legal assertions in her affidavit to the effect that Amendment E is identical to the corporate farming restrictions of the Nebraska Constitution which have been upheld on Due Process and Equal Protection grounds, that Amendment E does not preclude forward contracts, and that the grandfather provision exempts not only livestock owned at the time of adoption of Amendment E but also those to be produced under those existing contracts. She gives a short dissertation on the definition of a forward contract.

It would appear that a proposed witness is attempting to interpret the law and express opinions thereon. This is clearly not permitted. Only counsel of record may argue the law to the court. What the author of Amendment E may have intended is clearly immaterial just as are the opinions of authors of legislative acts or of those legislators who vote for such legislative bills. Ms. Thompson, however, may have opinions which are admissible. The parties may promptly depose this witness, even though beyond the deadline. The objection to the Thompson affidavit

should be denied as overruled since the Court is denying all motions for summary judgment and the affidavit will have no legal significance at trial.

Based upon the foregoing,

IT IS ORDERED:

1. The State defendants' motion (Doc. 102) for summary judgment is denied.

2. The intervenor defendants' motion (Doc. 104) for summary judgment is denied.

3. The objections of the Farm Bureau plaintiffs (as contained in Doc. 111) to the affidavit of Ms. Thompson are overruled as moot but the parties may promptly depose Ms. Thompson, even though the deposition is to be scheduled beyond the deadline set by the scheduling order previously entered.

Dated this 27th day of January, 2001.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:

JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)